# EXHIBIT A

# EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.     **2:23-CV-00326-TS-DAO**

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for     **Kent Price**

on     **12/02/2024:**

[X]     I served the subpoena by delivering a copy to the named person as follows: _____
        Ms. Smith, authorized office personnel _____ on *(date)*     12/04/2024     ; or

☐     I returned the summons unexecuted because

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

**$ 0.00**

My fees are **$ 0.00** for travel and **$ 95.00** for services, for a total of **$ 95.00**.

I declare under penalty of perjury that this information is true.

Date:  04/18/2025

_____
*Server's signature*

**Marquise Cooper**
*Printed name and title*

**3147 N 54th street**
**Kansas City, KS 66104**

_____
*Server's address*

Additional information regarding attempted service, etc:





Tracking #: **0166154609**

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Utah

| | | |
|---|---|---|
| Origins Tech, Inc., et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  2:23-cv-00326-TS-DAO |
| | ) | |
| LeErik Murray, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
> Kent Price, 12721 Metcalf Ave., Suite 200
> Overland Park, Kansas 66213

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Subpoena Rider, Exhibit A hereto for document description, definitions, and response deadline.

| Place: | Date and Time: |
|---|---|
| See Rider, Exhibit A | See Exhibit A |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  11/18/2024

| *CLERK OF COURT* | OR | |
|---|---|---|
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Origins Tech., Inc.
_____ , who issues or requests this subpoena, are:

Jordan Cameron, 6975 S. Union Park Ave, Ste 600, Utah 84047, jordan@cameronringwood.com, 385-463-2425

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:23-cv-00326-TS-DAO

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

**Print**     **Save As...**     **Add Attachment**     **Reset**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A - SUBPOENA RIDER

To:    Kent Price
       12721 Metcalf Ave.
       Suite 200
       Overland Park, Kansas 66213

Within 14 days of this Subpoena's service, please produce the documents requested

below, as required by the attached Subpoena, in accordance with the following Instructions and

Definitions:

## <u>INSTRUCTIONS AND DEFINITIONS</u>

1.    Your responses should be sent directly to Respondents' counsel:

Jordan K. Cameron
6975 S Union Park Ave, Suite 600
Cottonwood Heights, UT 84047
jordan@cameronringwood.com

with a copy to:

filing@cameronringwood.com

Alternatively, if you desire to produce physical documents in response to this subpoena, please contact Plaintiff's attorney for a physical location within 100 miles of your location where documents may be delivered.

2.    Prior to incurring any expenses in correlation with your response, please confer

with Respondents' counsel regarding maximum costs.

3.    The terms "**and**" and "**or**" shall be construed conjunctively or disjunctively,

whichever makes the request more inclusive.

4.    "**Documents**" means all writings, drawings, graphs, charts, spreadsheets,

photographs, phonorecords, computer generated or stored records and files, and other data

1

compilations of any kind from which information can be obtained, which are in your actual or constructive possession, custody or control, regardless of the medium on which they are produced, reproduced or stored.

5.     "**ESI**" means Electronically Stored Information stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form including, without limitation, calendars, electronic communication (e.g., texts, chat messages, emails), writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations.

6.     As to any definition (other than those set forth herein) you feel is necessary to aid you in complying with any discovery request, apply that definition which you believe to be either the most common or most accurate and state that definition in your response to each such request. For example: *Car*, Definition 1 from Dictionary.com, "an automobile."

7.     If a claim of privilege is asserted to a request, please respond to such part of the request which does not invade the privilege and, concurrent with the service of your responses hereto, prepare and serve upon counsel herein a Privilege Log setting forth the following information with regard to the unanswered part of the discovery request:

   a.  the specific privilege(s) claimed;

   b.  a precise statement of the facts upon which each claim of privilege is based;

   c.  the following information as to each purportedly privileged verbal communication or document identified:

   d.  the general nature and topic of the communication or document (e.g., conversation, letter, memorandum, photograph, tape, etc.);

 e. the date the document was prepared and/or the date the communication was published;

 f. the identity of the person(s) to whom either the document was sent or the communication was published;

 g. the specific location(s) of the document during the subject time period (e.g., where the document has been filed, in whose custody the document has been maintained) and whether the location(s) of the document changed since the initial creation/assertion of the privilege(s), and with respect to such change(s) in location(s), the date of and specific reason for such change(s); and

 h. whether the substance of the communication or document was used, in any way, subsequent to the creation of the privilege(s), and if so, when, by whom and under what circumstances.

8. Each Request requires you to produce all responsive Documents and ESI in their entirety. If no Documents or ESI responsive to a particular Request or a portion of a Request are within your control, the response should so state by identifying the Request or the portion of the Request. In the event that you are able to provide only a portion of the Document(s) and/or ESI called for in any particular request, provide all Document(s) and ESI that you are able to provide, and (i) identify the remaining Documents and ESI, and (ii) state the reason why you are unable to produce the remaining Documents and/or ESI.

9. Documents and ESI maintained in spreadsheets should be produced in their native format.

10.     All Documents (including ESI) that respond, in whole or in part, to any portion of

any request shall be produced in their entirety, including all attachments and enclosures thereto.

11.     If additional information responsive to these discovery requests is acquired after

responses are provided, you must serve such additional information on Respondents' counsel

upon acquiring it.

## DOCUMENT REQUEST

From Jan. 1, 2020, to present:

**Request 1**: All contracts between each and every one of:

> Kent Price
> Oak Harrison, LLC, and/or
> Market St Partners, LLC

on the one hand, and each and every one of:

> LeErik Murray
> Oak Holdings, LLC
> Oak Industrial Funds, LLC
> OI Funds, LLC
> Oak Equity Holdings, II, LLC
> Oak Equity Holdings, LLC, and/or
> Melrose Associates, LLC

on the other hand.

**Request 2**: Records of all money paid to or for the benefit of each and every one of the
following:

> LeErik Murray
> Oak Holdings, LLC
> Oak Industrial Funds, LLC
> OI Funds, LLC
> Oak Equity Holdings, II, LLC
> Oak Equity Holdings, LLC
> Melrose Associates, LLC

by each and every one of the following:

> Kent Price
> Oak Harrison, LLC
> Market St Partners, LLC

**Request 3**: Contract/documents that identify the bases for payment of money identified in response to Request 2, if not included in response to Request 1.